IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY BLAND, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>INVIDA FINANCIAL NETWORK LLC, and BRYLORENCE INVESTMENTS, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-cv-0259-X |

**MEMORANDUM OPINION AND ORDER**

Defendant Brylorence Investment, LLC (Brylorence) seeks relief from the clerk's office entry of default. (Doc. 21). Additionally, Defendant Invidia Financial Network, LLC (InVida) has made an appearance in this action. (Doc. 25). For the following reasons, the Court **GRANTS** the motions to set aside the entry of default as to Brylorence and additionally sets aside the default as to InVida because it has appeared.

## I. Background

Plaintiff Kelly Bland filed this action alleging a class action under for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the analogous Texas state law. Bland failed to plead jurisdictional facts about the Dallas division, and The Court twice ordered her to replead.[1] Brylorence was served on February 3, 2026,

[1] *See* Docs. 6, 8.

prior to Bland's amended complaint that sufficiently alleged venue.[2] And InVida was twice served, once on February 13, 2026, and again on April 1, 2026.[3]

Bland requested, and was granted, a clerk's entry of default as to both parties.[4] Once the parties were in default, Bland sought post default discovery, after which time both parties appeared in this action.

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) permits the Court to "set aside an entry of default for good cause[.]"[5] To find good cause, courts in the Fifth Circuit "consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[6]

The Fifth Circuit has indicated that these three factors are "not talismanic" and should be treated in the disjunctive.[7] The Fifth Circuit also looks to other factors, including whether "the defendant acted expeditiously to correct the default."[8] At bottom, what is "imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."[9]

---

[2] Doc. 10.

[3] Docs. 11, 12.

[4] Docs. 13, 14, 15.

[5] FED. R. CIV. P. 55(c).

[6] *Koerner v. CMR Const. & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (cleaned up).

[7] *Matter of Dierschke*, 975 F.2d 181, 183–84 (5th Cir. 1992) ("We perceive a variance among our circuit colleagues as to whether the court must consider and note its disposition of all three factors on the record. Decisions of three circuits may be read to require such consideration by the trial court. Others have treated the factors in the disjunctive. We find the latter course more persuasive." (cleaned up)).

[8] *Id.* at 184.

[9] *Id.*

Willful neglect is a threshold finding: "when the court finds an intentional failure of responsive pleadings there need be no other finding."[10] The "willfulness factor is reviewed under the 'excusable neglect' standard of Federal Rule of Civil Procedure 60(b)."[11] "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time."[12] It "encompasses 'late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith[.]'"[13]

"Defaults are generally disfavored."[14] Unless "it appears that no injustice results from the default, relief should be granted."[15] Furthermore, although:

> [A] motion to set aside a default decree under Fed. R. Civ. P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed. R. Civ. P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect.[16]

## III. Analysis

The Court finds there is good cause to set aside the default under Rule 55(c).

First, the Court finds that the failure to respond to the complaint was not willful but was the result of excusable neglect. Brylorence had a reasonable belief

---

[10] *Id.*

[11] *Reyelts v. Cross*, 2013 WL 4874090, at *1 (N.D. Tex. Apr. 23, 2013) (Cureton, M.J.) (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 62 (5th Cir. 1992)).

[12] *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (Fitzwater, J.) (cleaned up).

[13] *Id.* (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[14] *Koerner*, 910 F.3d at 225 (cleaned up).

[15] *Id.* (cleaned up).

[16] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985) (cleaned up).

that the amended complaint which was not served reset the response deadline until it was served.[17] So Brylorence made a good-faith mistake that its answering deadline had been extended and were in the process of hiring hired counsel. Brylorence did not intentionally ignore the Court.

Second, the Bland will not be prejudiced by the Court setting aside the default. While of course Bland would prefer to proceed against parties who have admitted the facts in the complaint, that is not the prejudice considered under this factor. Bland insists that prejudice here is because of Brylorence's evasiveness. But the Court can and will handle any bad faith behavior, especially considering the obligations under *Dondi Properties Corp. v. Commerce Savings & Loan Association*.[18] So the "mere delay does not alone constitute prejudice."[19] And Bland cannot show "the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[20] So she has not met her burden.

Third, the Court finds that Brylorence adequately presented a meritorious defense.[21] Among other arguments, Brylorence intends to argue that Bland's state law claims do not apply because Brylorence is a licensed insurance brokerage.

---

[17] Doc. 28 at 3.

[18] 121 F.R.D.284 (N.D. Tex. 1988) (en banc).

[19] *Lacy v. SitelCorp*, 227 F.3d 290, 293 (5th Cir. 2000).

[20] *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)).

[21] And even if the Defendants did not, the Court is not required to consider this factor. *J&J Sports Prods., Inc. v. Moso Ventures, Inc.*, 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012) (Stickney, M.J.) *adopted J&J Sports Prods., Inc. v. Moso Ventures, Inc.*, 2012 WL 3846514, at *1 (N.D. Tex. Sep. 5, 2012) (Godbey, J.) ("The district court need not consider all of these factors. Moreover, the Fifth Circuit Court of Appeals has stated that factors are not 'talismanic,' and other factors may be considered." (cleaned up)).

Furthermore, Brylorence presents a bevy of defenses as to the Telephone Consumer Protection Act, including challenges to the theory of liability, the elements of the violation, and Bland's conduct.

To be sure, the Court has yet to find Brylorence's argument meritorious.[22] But if the arguments could be proven, then the defenses may be successful.[23] So the Court finds that the defendants have raised a meritorious defense.

Fourth, the Court finds that Brylorence acted diligently to correct the default.[24] It was less than three months after the clerk's entry of default that Brylorence obtained counsel and filed its motion to set aside the default.[25]

Finally, because Brylorence has appeared and is prepared to defend this action—and InVida has also made an appearance—the Court sets aside the default as to InVida. This is because the default as to InVida may prejudice Brylorence. And the Court could not proceed with a default judgment as to InVida while Brylorence litigates the issues that InVida defaulted. InVida may, if it so chooses, nonetheless

---

[22] *J&J Sports Prods., Inc.*, 2012 WL 3846536, at *2 ("The standard for showing a meritorious defense is not stringent because the likelihood of success is not the measure for the 'absence of meritorious defense' criterion. A defendant's allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (cleaned up)). This is a very low hurdle.

[23] *See, e.g.*, *iLife Techs., Inc. v. ActiveCare, Inc.*, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013) (Lynn, J.) (finding that one of the defendants "asserted defenses which, if proven, would affect the outcome of the litigation in its favor" and that "[m]ore is not necessary to establish good cause") (citing *Azzopardi v. Ocean Drilling & Expl. Co.*, 742 F.2d 890, 895 (5th Cir. 1984)).

[24] *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) ("Other factors may be considered, such as whether the party acted expeditiously to correct the default.").

[25] Doc. 15 at 8.

settle or otherwise agree to the merits of Bland's complaint. But seeing as it has appeared, default is inapposite.

## IV. Conclusion

For these reasons the Court **GRANTS** the Brylorence' motions and sets aside the default as to both Brylorence and InVida. Defendants are **ORDERED** to file an answer or appropriate motion to dismiss no later than 21 days from this order.

Because Bland's motion for expedited discovery, (Doc. 16), was premised off the parties being in default, the Court reconsiders the motion, and it is **DENIED**. Discovery may take place in the ordinary course of litigation after the Court has resolved any motion to dismiss that may be filed.

Further, the Court **FINDS AS MOOT** the motion to compel, (Doc. 23), for the same reason. Finally, the Court **FINDS AS MOOT** the motion for leave to file a supplemental appendix, (Doc. 29), because it is not necessary to resolve this motion.

**IT IS SO ORDERED** this 12th of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE